DLD-227                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2110
_____

KEITH BRYAN WEBB-EL,
                                                Appellant

v.

WARDEN ALLENWOOD USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-17-cv-00321)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
July 2, 2019

Before: JORDAN, GREENAWAY, JR., and NYGAARD, Circuit Judges

(Opinion filed: August 29, 2019)
_____

OPINION*
_____

PER CURIAM

        Keith Brian Webb-El (also known as Keith Bryan Webb, BOP Reg. No. 19665-

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

080) is a federal prisoner who has been serving a life sentence since 1985 for the second-degree murder of his six-year-old son. He has an extensive history of challenging that conviction. Last year we affirmed the dismissal of another of his habeas petitions under 28 U.S.C. § 2241. See Webb v. Warden Allenwood USP, 735 F. App'x 42, 42-43 (3d Cir. 2018) (per curiam). Webb-El argued in that petition, as he had before, that he is innocent of second-degree murder because that count was not properly charged in his superseding indictment. See id. at 42.

About six months after our mandate issued, Webb-El filed with the District Court the motion at issue here. He characterized it as a motion under Fed. R. Civ. P. 60(b), and he again asserted his claim based on the superseding indictment. He also argued that the District Court erred in dismissing his § 2241 petition. The District Court denied Webb-El's Rule 60(b) motion on the ground that Webb-El had shown no basis to disturb its ruling.

Webb-El now appeals, and we will affirm. In ruling on Webb-El's motion, the District Court applied the standard that governs motions for reconsideration under Fed. R. Civ. P. 59(e) instead of the standard that governs Rule 60(b) motions. We will affirm, however, because Webb-El stated no arguable basis for Rule 60(b) relief. Webb-El did not rely on any new facts or new law. Instead, he merely argued that the District Court erred in dismissing his petition for reasons that, if they had merit, would have been a basis for relief on his previous appeal. "Rule 60(b) may not be used as a substitute for appeal, absent extraordinary circumstance." Morris v. Horn, 187 F.3d 333, 336 (3d Cir.

2

1999).  Webb-El has alleged no such circumstances here, and his arguments lack merit in any event.[1]

For these reasons, we will affirm the judgment of the District Court.  To the extent that Webb-El's document titled "expedited motion" seeks an expedited ruling, his request is denied.  To the extent that Webb-El's filings can be construed to request any other form of relief, they are denied as well.

---

[1] Webb-El argues, for example, that the District Court recharacterized his § 2241 petition as an initial motion under 28 U.S.C. § 2255 in violation of <u>Castro v. United States</u>, 540 U.S. 375 (2003).  The District Court, however, did not recharacterize Webb-El's § 2241 petition and instead properly dismissed it on the ground that he could not proceed under § 2241.  <u>See</u> <u>Webb</u>, 735 F. App'x at 42.  Even if the District Court had recharacterized Webb-El's petition as a § 2255 motion, it would not have been his first.  <u>See</u> <u>id.</u>